NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2672
_____

LINDA DESHIELDS,
Appellant

v.

INTERNATIONAL RESORT PROPERTIES LTD; MOUNTAIN LAUREL RESORT &
SPA; WILLOWBROOK AT LAKE HARMONY; VACATION CHARTERS LTD;
BAR-U FARM, INC.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 3:09-cv-02125
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
January 24, 2012
_____

Before: MCKEE, *Chief Judge*, FISHER, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: February 23, 2012)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

While vacationing at a timeshare at Mountain Laurel Resort & Spa ("Mountain

Laurel"),[1] Linda DeShields ("DeShields") sustained injuries during a horseback trail ride conducted by Bar-U-Farm, Inc. ("Bar-U"). DeShields brought a negligence action against Mountain Laurel, the owner, and Bar-U, the lessee and operator, (collectively "Appellees") of the stable, that provided the horse from which she fell. The United States District Court for the Middle District of Pennsylvania granted Appellees' motions for summary judgment, holding that DeShields did not provide any evidence to support her claim for negligence.[2] For the reasons that follow, we will affirm.

## I. BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts.

On November 2, 2007, DeShields was vacationing with her husband at a timeshare they owned at Mountain Laurel located in Lake Harmony, Pennsylvania. That day, DeShields and her husband went horseback riding. Mountain Laurel owned the property that was the scene of the accident. Bar-U leased and operated the stable where DeShields

---

[1] Vacation Charters, Ltd. does business as Mountain Laurel.

[2] In moving for summary judgment, Appellees raised two defenses — that DeShields assumed the risk of the trail ride and that the Equine Activity Statute barred DeShields's recovery. The District Court rejected these defenses, and entered judgment in favor of the Appellees based on DeShields's failure to provide any evidence demonstrating negligence. Appellees urge us to reverse the District Court's decision on these defenses as an alternative basis for affirming the grant of summary judgment. Since we are affirming the District Court's decision on DeShields's failure to provide any evidence demonstrating negligence, we need not address these alternative arguments.

and her husband procured horses for their ride. Each was assigned a horse and went on a trail-guided tour with Bar-U employee, Dorene Wehr ("Wehr").

While on the trail, DeShields's horse initially walked very slowly, falling behind the horses ridden by DeShields's husband and Wehr. Both Wehr and DeShields's husband waited for DeShields to catch up. When DeShields caught up, Wehr allowed DeShields to proceed first. A short time later, DeShields's horse sped up to a trot or gallop, throwing DeShields from her horse. This all occurred within fifteen minutes from the inception of the ride. Wehr and DeShields's husband both witnessed this incident. DeShields sustained injuries as a result of her fall.[3]

DeShields filed a suit in federal court alleging that Appellees' negligence caused her injuries. After discovery, Appellees moved for summary judgment. The District Court granted summary judgment, noting the absence of any evidence demonstrating that the trail was negligently maintained, that the Appellees acted in a way that caused the horse to gallop, or that the horse was generally unsafe. DeShields filed a timely appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction, pursuant to 28 U.S.C. § 1332. We have jurisdiction, pursuant to 28 U.S.C. § 1291.

We review the District Court's order granting summary judgment de novo. Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010). "To that end, we

---

[3] The parties do not dispute that DeShields's injuries were a direct result of her fall. In fact, Bar-U chose the physician that examined DeShields and rendered the opinion concerning her injuries.

3

are required to apply the same test the district court should have utilized initially."

Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 181 (3d Cir. 2009) (internal quotation marks omitted).

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Azur, 601 F.3d at 216 (quoting Nicini v. Morra, 212 F.3d 798, 805 06 (3d Cir. 2000) (en banc) (citing FED. R. CIV. P. 56(c))).[4] To be material, a fact must have the potential to alter the outcome of the case. See Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." Azur v. Chase Bank, USA, Nat. Ass'n, 601 F.3d 212, 216 (3d Cir. 2010). In determining whether summary judgment is warranted "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Chambers ex rel. Chambers, 587 F.3d at 181. "Further, [w]e

---

[4] Fed. R. Civ. P. 56 was revised in 2010. The standard previously set forth in subsection (c) is now codified as subsection (a). The language of this subsection is unchanged, except for "one word — genuine 'issue' bec[ame] genuine 'dispute.'" FED. R. CIV. P. 56 advisory committee's note, 2010 amend.

4

may affirm the District Court's order granting summary judgment on any grounds supported by the record." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009).

### III. ANALYSIS

DeShields sets forth four questions on appeal, all of which challenge the District Court's conclusion that no facts supported her claim of negligence: Did the District Court err (1) in determining that there was no evidence of negligence on behalf of Bar-U;[5] (2) in not addressing the negligence of Bar-U agent and trail guide leader Wehr; (3) in determining that the doctrine of res ipsa loquitur was inappropriate because DeShields failed to produce any evidence of negligence; and (4) that no issues of material fact existed?  We address each of these contentions in turn.

Addressing DeShields's first argument, we agree with the District Court.  While analyzing DeShields's negligence argument, the District Court specifically noted that she failed to present any evidence to suggest "that the [Appellees] engaged in any conduct that caused the horse to begin galloping or that the horse was generally . . . unsafe . . . for a novice rider or that the trail was maintained in a negligent manner."  (Addendum to App. 9.)  The District Court acknowledged that DeShields's opposition to summary

---

[5] In her brief, DeShields only addresses negligence on behalf of Bar-U; however the District Court granted the motions for summary judgment filed by both Bar-U and Mountain Laurel.  Additionally, DeShields voluntarily dismissed International Resort Properties, Ltd. and Willowbrook at Lake Harmony as defendants because both companies merged into Vacation Charters, Ltd.

judgment referred to the presence of bees or a bees' nest,[6] with no citation to the record. As we have observed in the past, "[j]udges are not like pigs, hunting for truffles buried in briefs." United States v. Starnes, 583 F.3d 196, 216 (3d Cir. 2009) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (internal quotation marks omitted)). If factual support for DeShields's claim existed in the record, it was incumbent upon her to direct the District Court's attention to those facts. Similarly, the District Court noted that DeShields's opposition to summary judgment alleged that the horse galloped in an area not designated as a galloping area, but again failed to cite to any evidence from the record in support of that claim.

Next, DeShields attempts to assert a new theory of negligence for the first time on appeal: namely, that the trail guide was negligent for allowing her to proceed first. Specifically, she asserts that the trail guide's decision allowing her to lead after her horse caught up was contrary to the stable owner's deposition testimony that the trail guide is always in front unless "she has to come back to adjust a stirrup or line." (App. 16.) Unfortunately, DeShields's new theory must fail because "[t]here is no hint in the record that [she] litigated this point before the District Court, and therefore it is not properly before us." Chambers ex rel. Chambers, 587 F.3d at 183 n.10 (citing Harris v. City of

---

[6] In DeShield's opposition memorandum for summary judgment, DeShields states, without any additional support, that "[t]here is testimony, although conflicting, as to whether there were bee stings on [her] horse and whether there were bees on [the] trail guide and whether the bees were in the ground or not." (Pl.'s Mem. In Supp. Of Her Resp. To Defs.', Int'l. Resort Prop. Ltd., Mount Laurel, and Vacation Charters, Ltd., Mot. for Summ. J. 11).

Phila., 35 F.3d 840, 845 (3d Cir. 1994) (internal citations omitted)). Indeed, this Circuit "has consistently held that it will not consider issues that are raised for the first time on appeal." Harris, 35 F.3d at 845 (internal citations omitted).

As to DeShields's argument regarding the doctrine of res ipsa loquitur, the District Court properly determined that riding a horse is an inherently dangerous activity despite engaging in precautionary efforts to avoid accidents, such as DeShields's. Thus, contrary to DeShields's argument, "[i]t cannot be said that a person could not be thrown from a horse in the absence of someone's negligence." (Addendum to App. 8.) The doctrine of res ipsa loquitur is inapplicable and thus, DeShields's argument must fail. As the moving party for summary judgment, Appellees satisfied their burden by demonstrating that the record, taken as a whole, is insufficient to carry DeShields's burden at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Thus, the burden shifted and DeShields "must go beyond [her] pleadings . . . and designate specific facts . . . showing that there is a genuine issue for trial." Id. at 324.

DeShields argues that the District Court erroneously concluded that there were no genuine disputes of material fact. As previously mentioned, DeShields failed to present any disputed facts in support of her negligence claim. Thus, this argument is without merit.

### IV. CONCLUSION

For the reasons stated above, we will affirm the decision of the District Court.